EDWARD PIERRET and wife *v.* HERMANN MOLLER.

In an action for damages from the bite of a dog, an allegation in the pleadings that the plaintiff, when injured, was in a place where he had no right to be, does not put in issue a claim of title to real property, so as entitle the plaintiff to costs in a court of record upon recovering less than fifty dollars. (Code, § 304, subd. 1.)

The fact that the plaintiff, when bitten by the defendant's dog, was trespassing upon the premises of another person, does not affect the right of recovery, and is only material, if at all, upon the question of damages.

The practice of submitting motions to a judge at special term, upon oral statements, and then appealing to the general term, condemned.

THE defendant was sued in this court, by husband and wife, for injuries sustained by the wife from the bite of a dog. The answer traversed the complaint, and then alleged, in substance, that the wife was bitten by a dog not owned by the defendant; that she was herself in fault in being, at the time of the injury, in a yard wherein the dog was kept, adjoining her residence; and that the yard in question was in the rightful possession of persons who had given no right or authority to her to enter thereon.

The plaintiffs having obtained a verdict for $45, claimed that

notwithstanding the recovery was less than $50, they were entitled to the costs of the action, under the first subdivision of § 304 of the Code, on the ground that "a claim of title to real property arose on the pleadings."

The only papers now submitted to the general term were the pleadings, the points of counsel on the question of costs, the clerk's statement of the verdict, and the following certificate signed by a judge at special term :

"The plaintiffs' counsel and the defendant's counsel appearing before me, and each claiming to recover costs as against the other, and the plaintiffs' counsel insisting that the claim to real estate arises under the pleadings under § 304, and I having decided that the defendant is entitled to costs (the plaintiffs having recovered $45 damages) against the plaintiffs, and the plaintiffs desiring to appeal from said decision, I order that the question as to the right of said costs be heard at the next general term of this court, on the fourth Monday of November inst., and that all proceedings be stayed till the decision of the court thereon.—N. Y., November 20, 1854."

*Joseph E. Palmer*, for the defendant, cited *Powell* v. *Burt*, 8 Barb. S. C. R. 567—1 Code R., N. S., 172 ; *Doolittle* v. *Eddy*, 7 ib. 74 ; *Launity* v. *Barnum*, 4 Sand. S. C. R. 637 ; *O'Reilly* v. *Davies*, 4 ib. 722 ; *Niles* v. *Lindsly*, 8 How. Pr. R. 131.

*Nathan A. Chedsey*, for the plaintiffs.

By the Court. Ingraham, First J.—The action was for injuries received by the wife from a dog belonging to the defendant. The answer, after specifically denying all the allegations in the complaint, including the averment that the defendant owned the dog, admits that the wife was bitten by the dog in the yard where he was kept. It then alleges that the person bitten had no right in the yard in question.

The jury rendered a verdict of $45. The parties appeared before one of the judges, I suppose by consent, to take his

opinion upon the right of the plaintiffs to recover costs. From the judge's certificate, I conclude that he awarded costs to the defendant upon the ground that the recovery against him amounted to less than $50, and decided that title to land did not come in question.

I cannot avoid condemning this mode of submitting a question to a judge upon mere oral statements and then appealing to the general term, when it is impossible to present before the court, the motion as it was submitted to the judge at special term. If counsel do not prepare their motions at the special term so that all that was submitted to the judge can be brought up on appeal, it must not be expected that the general term will sustain the appeal. It is neither just to the judge who makes the decision, nor to the parties themselves, to appeal from motions heard in this way.

I have looked into the pleadings submitted on this appeal, and can see nothing to warrant the conclusion that the title to land is put in issue by them. The allegation that the person bitten was in a yard where she had no right, does not raise a question as to the title. It had no proper place in the answer. It was no excuse to the defendant that the plaintiff went into a yard which did not belong to her and was there bitten. The defendant is as well liable if he keeps a dog on his own premises and suffers him to be loose, as if the dog was at the time in the highway. The place and other circumstances may be referred to on the question of damages, but no issue can arise upon it.

There is among the papers submitted no order of a judge directing or refusing costs, no certificate of title coming in question, nor any other paper which can be the subject of appeal, and we are somewhat at a loss to know what it is that forms the basis of the appeal. We have expressed above an opinion as to the pleadings, that nothing contained therein entitles the plaintiffs to recover costs upon the ground that the title to land was in question; yet, there is no propriety in obtaining from a judge at special term, as has been done in this case, an order directing that a question as to the right of a

party to costs be heard at a general term, unless it has first been heard and decided at the special term. If an order allowing costs was entered below, and this was intended as an appeal therefrom, it might be sufficient to say that the order is not before us.

The plaintiffs are not entitled to full costs. The appeal, if any, is dismissed without costs.

Ordered accordingly.